UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOE F. WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1250-JDT-cgc |
| | ) | |
| QUALITY CORRECTIONAL HEALTH CARE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT
AND GRANTING LEAVE TO AMEND

On October 22, 2019, Plaintiff Joe F. Watkins, who at the time of filing was incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*.[1] (ECF Nos. 1 & 3.) After Watkins filed the necessary documents, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) Watkins sues Quality Correctional Health Care (QCHC).

---

[1] On November 6, 2019, Watkins notified the Court that he had been transferred to the Bledsoe County Correctional Complex in Pikeville, Tennessee, (ECF No. 7), and his address of record was updated. The Clerk is directed to further MODIFY the docket to include Watkins's Tennessee Department of Correction prisoner number, 330429, and to ensure that modification is made before a copy of this order is mailed to him.

Watkins alleges that during his incarceration at the CJC, he was not given his seizure medication or taken for an MRI, which he alleges he is "suppose[d] to have done every 6 months." (ECF No. 1 at PageID 2.) Watkins alleges that he previously had surgery to remove a brain tumor and was told to have an MRI every six months because the tumor "could come back." (*Id.*) Watkins further alleges that "they" could not find his medical records, so he "told them where they were." (*Id.*)

Watkins requests $2.5 million in compensatory damages, a new medical department at the CJC, and transfer to a facility where he "can get the proper medical attention that I really need." (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief."" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations

"are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Watkins filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a

defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Watkins seeks to hold QCHC responsible for his allegedly inadequate medical treatment. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). To prevail on a § 1983 claim against QCHC, Watkins "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Because Watkins does not allege that a policy or custom of QCHC was the "moving force" behind the alleged violations of his constitutional rights, he fails to state a claim against QCHC.

To the extent Watkins seeks to hold members of the medical staff liable, he fails to state a claim. Watkins does not name any individual responsible for his allegedly inadequate medical care. His general allegations directed at "them" are insufficient to state a claim against any individual. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (affirming district court's dismissal of complaint that "makes only categorical references to

4

'Defendants'" and holding that the complaint failed to "'allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right'"); *Gray v. Weber*, 244 F. App'x 753, 754 (8th Cir. 2007) (affirming dismissal of inmate's § 1983 complaint alleging denial of medical care against Defendants identified "only collectively as 'medical staff'").

Watkins also seeks transfer to another facility and other injunctive relief. However, because Watkins is no longer at the CJC, these requests are moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (claim for declaratory or injunctive relief is rendered moot by the plaintiff's transfer to a different prison facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

For the foregoing reasons, Watkins's complaint is subject to dismissal for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Watkins should be given the opportunity to amend his complaint.

In conclusion, the Court DISMISSES Watkins's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one (21) days after the date of this order, **on or before January 6, 2020**.

Watkins is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Watkins fails to file an amended complaint within the time specified, the Court will dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE